See also, D.C., 402 F.Supp. 1078.

J. Minos Simon, Lafayette, La., for plaintiff-appellant.

Edward B. Dubuisson, Opelousas, La., James T. Guglielmo, Opelousas, La., for defendants-appellees.

**J. D. ESTILETTE, Plaintiff-Appellant,**

v.

**Ann Olivier ESTILETTE et al., Defendants-Appellees.**

No. 75–4453.

United States Court of Appeals, Fifth Circuit.

July 7, 1977.

Before GODBOLD and CLARK, Circuit Judges, and HOFFMAN *, District Judge.

PER CURIAM:

On August 28, 1975, Ann Olivier Estilette filed a petition in a Louisiana district court against her husband, J. D. Estilette, for legal separation, custody of the four Estilette children, and child support and alimony, *pendente lite* and permanently. The husband removed the action to the United States District Court. On motion of the wife, the action was remanded to the state court. The husband then filed this independent action in federal court, seeking temporary and permanent injunctive relief from the operation of the Louisiana temporary and permanent child custody statutes, La. Civ.Code, arts. 146, 157 (1952 & Supp.

* Senior District Judge of the Eastern District of Virginia, sitting by designation.

1975)[1] on the ground that those provisions unconstitutionally discriminate in favor of the female spouse's custody claims on the basis of sex and requesting a three-judge court be convened pursuant to 28 U.S.C. §§ 2281 & 2284 (1970). The district court dismissed the action, and this appeal followed.

At oral argument, counsel for both parties indicated that husband and wife have reconciled and are now living together. The parties have now submitted stipulations to that effect. The appeal is dismissed as moot.

DISMISSED.

1. Article 146 provides:
    If there are children of the marriage, whose provisional keeping is claimed by both husband and wife, the suit being yet pending and undecided, it shall be granted to the wife, whether plaintiff or defendant; unless there should be strong reasons to deprive her of it, either in whole or in part, the decision whereof is left to the discretion of the judge.
Article 157 reads:
    In all cases of separation and divorce, the children shall be placed under the care of the party who shall have obtained the separation or divorce unless the judge shall, for the greater advantage of the children, order that some or all of them shall be entrusted to the care of the other party. The party under whose care a child or children is placed, or to whose care a child or children has been entrusted, shall of right become natural tutor or tutrix of said child or children to the same extent and with the same effect as if the other party had died.
    If subsequent to the granting of a divorce or separation one of the parties to the marriage dies and is survived by a minor child or children of the marriage, the parents of such deceased party may have reasonable visitation rights to the child or children of the marriage during their minority if the court in its discretion finds that such visitation rights would be in the best interest of the child or children.
Amended by Acts 1970, No. 436, § 1.